CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 24, 2013

LETTER TO COUNSEL:

       RE:   *Darrell Stewart v. Commissioner, Social Security Administration*;
                Civil No. SAG-12-3013

Dear Counsel:

On October 11, 2012, the Plaintiff, Darrell Stewart, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Stewart filed his claim for benefits on July 9, 2009.[1] (Tr. 134-44). His claim was denied initially on November 18, 2009, and on reconsideration on June 25, 2010. (Tr. 61-73, 76-79). A hearing was held on January 13, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 22-53). Following the hearing, on February 11, 2011, the ALJ determined that Mr. Stewart was not disabled during the relevant time frame. (Tr. 10-21). The Appeals Council denied Mr. Stewart's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Stewart suffered from the severe impairments of Graves' disease, bipolar disorder, and substance abuse. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Stewart retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb, balance, kneel, stoop, crouch and crawl. He is limited to the performance of unskilled, routine and repetitive tasks and is limited to occasional interaction with the public and coworkers.

---

[1] Mr. Stewart previously applied for benefits on April 18, 2006. (Tr. 125-33). That application was denied.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Stewart could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 20).

Mr. Stewart presents several arguments on appeal: (1) that the ALJ did not properly consider all of his impairments at Step Two; (2) that the Appeals Council failed to appropriately consider new and material evidence; (3) that the ALJ presented an erroneous hypothetical to the VE; and (4) that the ALJ did not sufficiently develop the record. While I disagree with some of Mr. Stewart's arguments, I agree that the ALJ did not adequately develop the record by allowing Mr. Stewart's counsel the full agreed upon time to submit additional medical evidence. Moreover, the ALJ did not provide an adequate explanation regarding his assessment of some of the medical evidence post-dating the medical opinions in the case, particularly (1) environmental restrictions that may have been appropriate given Mr. Stewart's asthma and (2) the interplay between Mr. Stewart's treatment for his thyroid conditions and his mental state. For those reasons, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Stewart was not entitled to benefits is correct or incorrect.

Mr. Stewart's first argument concerns the ALJ's failure to discuss whether certain impairments were severe at Step Two. Such error is typically harmless where, as here, the ALJ found other impairments to be severe. The ALJ therefore continued with the full sequential evaluation process. *See* 20 C.F.R. § 404.1523. However, in this case, the ALJ did not discuss certain impairments anywhere in the opinion, and did not expressly set forth his reasons for deeming those impairments non-severe. While the record does not indicate specific functional limitations pertaining to each of the impairments cited by Mr. Stewart, the record does show, for example, medical evidence requiring Mr. Stewart to "be in an air conditioned environment" as a result of his asthma.[2] (Tr. 609). In light of that evidence, the ALJ should have considered whether Mr. Stewart's asthma constituted a severe impairment. Even if the asthma were deemed non-severe, the ALJ should have addressed whether any environmental restrictions were appropriate in determining Mr. Stewart's RFC, because both severe and non-severe impairments must be considered.

In addition, the ALJ failed to fulfill his duty of explanation with respect to the medical evidence relating to the interplay between Mr. Stewart's Graves' Disease/thyroid condition and his mental health. The ALJ noted that Mr. Stewart was hospitalized in March, 2010 for mental health issues "after relapsing in his substance abuse recovery." (Tr. 18). The ALJ did not address the records demonstrating that the mental health issues resulting in the hospitalization

---

[2] The medical opinion from Mr. Stewart's treating primary physician, Dr. Victoria Steiner-Larson, was issued in December, 2009. (Tr. 500-02). Dr. Steiner-Larson did not issue the restrictions relating to his asthma diagnosis until mid-2010, which meant that any appropriate environmental restrictions would not have been included in her 2009 opinion. (Tr. 609). The ALJ had already noted that Dr. Steiner-Larson's 2009 opinion also did not take into consideration Mr. Stewart's subsequent treatment for Graves' disease. (Tr. 19). In light of the significant changes to Mr. Stewart's medical condition in 2010, the ALJ needed to consider the updated medical information and whether additional medical opinions were warranted.

appeared to be exacerbated by prednisone, which had been prescribed to combat the thyroid symptoms Mr. Stewart was experiencing. (Tr. 438, 441). As a result of the episode of decompensation, Mr. Stewart's prednisone dosage was tapered. (Tr. 463). During that period immediately following the taper, Mr. Stewart's medical records were reviewed by a state agency physician, Dr. Hakkarinen. At that time, on April 26, 2010, Dr. Hakkarinen opined that Mr. Stewart's Graves' disease was "responding to treatment." (Tr. 528). However, in the immediately following months, Mr. Stewart's thyroid condition remained unstable, causing additional mental and physical impairments and requiring additional treatment with prednisone and radioactive iodine. (Tr. 699, 702). The situation seemed to have been acknowledged by psychiatric consultative examiner Dr. Langlieb, who opined that Mr. Stewart was not able to manage benefits, if awarded, and that thyroid testing might be helpful in determining Mr. Stewart's psychiatric diagnoses and prognosis. (Tr. 529-31). Although the ALJ mentioned Dr. Langlieb's examination (Tr. 18), he simply noted the confirmed diagnoses and did not discuss Dr. Langlieb's other opinions. In light of the evidence reflecting that Mr. Stewart's mental condition was affected both by his thyroid condition and by the medications prescribed for that condition, further explanation is required to allow review to determine whether the ALJ's assigned RFC is supported by substantial evidence.

Finally, the ALJ failed to appropriately develop the record in this case by not allowing the agreed time for counsel to submit additional medical evidence. At the hearing on January 13, 2011, the ALJ and counsel discussed additional evidence that would be helpful for the ALJ to review, and the ALJ agreed to leave the record open for 30 days for submission of that evidence. (Tr. 34, 37, 52). However, the ALJ issued his opinion in the case on February 11, 2011, only 29 days after the hearing. As a result, counsel was deprived of the opportunity to submit additional evidence within the agreed time. The error appears to have been prejudicial, because counsel did submit additional evidence by letter dated February 14, 2011, apparently before receiving the unfavorable decision. (Tr. 9). Particularly in light of Mr. Stewart's evolving medical conditions in the 2010-2011 time frame, I cannot find that the mistake in allowing full development of the record constituted harmless error.

Because remand is warranted on other grounds, I need not address Mr. Stewart's remaining arguments. The Appeals Council's handling of Dr. Anderson's report will be mooted, because presumably the report will be considered by the ALJ on remand. Similarly, the hypothetical presented to the VE may well change in light of an express analysis of the medical records described above.

For the reasons set forth herein, Mr. Stewart's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 16) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

        Sincerely yours,

        /s/
        Stephanie A. Gallagher
        United States Magistrate Judge